IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHELLE FOERSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-04229-MDH |
| | ) |
| WATLOW ELECTRIC | ) |
| MANUFACTURING COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Michelle Foerster's Motion to Remand. (Doc. 9). Plaintiff moves this Court to remand this action pursuant to 28 U.S.C. § 1447(c). Plaintiff argues that the Court lacks subject matter jurisdiction because Plaintiff's action only states a claim of age discrimination under the Missouri Human Rights Act (MHRA) and thus there is no federal question jurisdiction. For the reasons set forth herein, the motion is **GRANTED**, and the above-captioned case is remanded to the Circuit Court of Boone County, Missouri.

## BACKGROUND

As set forth in Plaintiff's Amended Complaint (Doc. 16), Plaintiff Michelle Foerster ("Plaintiff") is a 58-year-old woman who worked for Defendant Watlow Electric Manufacturing Company ("Defendant") for more than thirty-seven years with an unblemished work record. Prior to August 2020, Plaintiff had received raises from Defendant because of her performance as an employee.

In August 2020, Plaintiff met with the Human Resources Department to prepare for her retirement. Shortly after her meeting with the Human Resources Department of the Defendant about her retirement, Plaintiff's supervisors notified her that they believed she was performing

1

poorly and eventually placed her on a Performance Improvement Plan ("PIP"). In September 2020, Plaintiff implemented changes in her work to meet the goals of her PIP, but these goals were allegedly changed at every meeting with her supervisors. On October 19, 2020, Plaintiff met with her supervisors to provide an update on her performance and was told that the leadership team had no confidence in her ability to perform the duties of her employment position. On October 21, 2020, Plaintiff was terminated by Defendant for poor performance. Defendant then allegedly hired a younger individual to fill Plaintiff's employment position. Within two weeks of Mrs. Foerester's termination at least 3 other employees of Defendant that were over the age of 50 were allegedly terminated. Plaintiff argues that Defendant violated Plaintiff's protections against unlawful age discrimination under the MHRA. Mo. Rev. Stat. § 213.010.

Defendant Watlow filed for removal based on Plaintiff's original Petition, arguing that federal question jurisdiction existed because Plaintiff's claims were preempted by ERISA. After this case was removed to this Court, Plaintiff filed a motion for leave to file an Amended Complaint, which was granted. Simultaneous with the motion for leave to file, Plaintiff filed her Motion for Remand. In Plaintiff's motion, she states that she amended her Complaint to "[remove] all mention of any benefits or pensions from which federal question jurisdiction could arise." (Doc. 9). Plaintiff maintains that neither the original Petition nor the Amended Complaint give rise to an ERISA claim and are solely asserted under Missouri state law. According to Plaintiff, she amended her Complaint in order to clarify that no questions of federal law existed in this matter.

**STANDARD**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The party seeking

2

removal bears the burden of establishing subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

## DISCUSSION

The sole question is whether Plaintiff's claims are preempted by ERISA and therefore give rise to a question of federal law. On their faces, both Plaintiff's initial Petition and Amended Complaint assert only state law claims under the MHRA. While Defendant argues that Plaintiff's Amended Complaint is only an attempt to seek a more favorable forum (Doc. 17), Defendant does not argue that the Amended Complaint is not controlling. "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) *quoting Washer v. Bullitt County*, 110 U.S. 558, 562 (1884). "Hence, in cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." *Id. See also, Burns v. Peterson*, No. 21-4030-CV-C-BCW-P, 2021 WL 5150608, at *1 (W.D. Mo. Sept. 8, 2021).

Plaintiff's Amended Complaint alleges that Defendant subjected Plaintiff to age discrimination and a hostile work environment based on her age in violation of the MHRA. The Amended Complaint states that Plaintiff seeks "lost wages and benefits of employment…" (Doc. 16). Defendant's sole argument is that Plaintiff's assertions that she "inquir[ed] about her pension,"; received pay increases prior to "preparing for her retirement,"; and that Plaintiff "would have been eligible for early retirement and retirement benefits" at the age of 60 amount to an ERISA claim. (Doc. 17).

ERISA governs employee benefit plans. "Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)) (internal quotations omitted). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Id*. "To this end, ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Id*. (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523 (1981)) (internal citations and quotations omitted) (emphasis added). ERISA also contains an express preemption provision declaring that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to employee benefit plans." 29 U.S.C. § 1144(a). Thus, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *See Davila*, 542 U.S. at 209. A suit falls within the scope of § 502(a) and is therefore completely pre-empted if an individual could have brought the claim under ERISA and there is no other independent legal duty that is implicated by the defendant's actions. *See Davila*, 542 U.S. at 210.

"There are two types of ERISA preemption: 'complete preemption' under 29 U.S.C. § 1132, and 'express preemption' under 29 U.S.C. § 1144. *Noel v. Laclede Gas Co.*, 612 F. Supp. 2d 1051, 1057 (E.D. Mo. 2009). "Complete preemption exists when a cause of action arises under the 'civil enforcement' provision of ERISA[.]" *Id*.; *see also Davila*, 542 U.S. at 207. As the United States Supreme Court explained in *Davila*, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*,

542 U.S. at 209 (citing *Pilot Life Ins. Co. v. Deadeaux*, 481 U.S. 41, 54–56 (1987)). The "ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. at 210 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

ERISA's express preemption clause preempts any state law that "relate[s] to any employee benefit plan." *Noel*, 612 F. Supp. 2d at 1057 (quoting *Prudential Ins. Co. of Am. V. Nat'l Park Med. Ctr., Inc*., 413 F.3d 897, 907 (8th Cir. 2005) and 29 U.S.C. § 1144(a)). "A claim relates to an employee benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan, or where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan." *Id*. (internal citations and quotations omitted).

Defendant's argument is no more than a bare assertion that ERISA is applicable in this case. "In Plaintiff's Petition, Plaintiff repeatedly references her pension and inquiries into her pension. In both Plaintiff's Petition and Plaintiff's Amended Complaint, Plaintiff references her 'early retirement,' 'retirement benefits,' and/or 'preparing for her retirement.' It is clear that Plaintiff seeks relief for Watlow's alleged violations regarding her pension and retirement benefits." (Doc. 17 at 8) (citations omitted). Defendant's argument that a "reference" to retirement benefits equates to a legal claim directed at an employee benefit plan is unpersuasive.

Plaintiff's Amended Complaint does not mention any specific employee benefit plan, nor do any of the allegations suggest that the terms of any benefit plan were at issue or that any benefit plan would need to be analyzed in relation to her claims. Plaintiff furthermore asserts that she does not seek recovery of any benefits that would have been provided by any benefit plan and only

5

Case 2:21-cv-04229-MDH   Document 24   Filed 02/07/22   Page 5 of 6

seeks to be compensated for the lost wages that resulted from the alleged age discrimination by Defendant.

As noted above, the party seeking removal bears the burden of establishing subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 183. Defendant has not met that burden here. Therefore, the instant case does not present a federal question and accordingly this Court does not have subject matter jurisdiction. 28 U.S.C. § 1441(a).

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (Doc. 9) is **GRANTED**. It is hereby ordered that the above-captioned case be remanded to the Circuit Court of Boone County, Missouri.

**IT IS SO ORDERED.**

Dated: February 7, 2022  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**

6

Case 2:21-cv-04229-MDH   Document 24   Filed 02/07/22   Page 6 of 6